# Hibberd *versus* Bovier.

1. An unrecorded mortgage to secure the payment of a sum of money, is not a lien as against a subsequent judgment; and a purchaser, with or without notice, under the judgment, must be protected from the mortgage.

2. But where a mortgage is of such a nature that it must attach, if at all, upon the land in the hands of the purchaser, and could under no circumstances come into competition with the judgment for the proceeds, notice to the purchaser supplies the place of recording, and he takes the land subject to the mortgage.

3. Under the Act of 1840, Brightly's Purdon, 341, providing for executions against lands in adjoining counties, the approval by the court of the inquisition *cures* prior irregularities, and a *venditioni exponas* may issue.

ERROR to the court of Common Pleas of *Tioga county*.

The facts sufficiently appear in the opinion of the court, delivered by

LEWIS, C. J.—An unrecorded mortgage to secure the payment of a sum of money, is not a lien against a subsequent judgment; and it follows, as a necessary consequence of this principle, that a purchaser under the judgment must also be protected from the mortgage, otherwise the judgment would be indirectly defeated. In such a case notice of the mortgage is not material; and without regard to it the judgment takes the proceeds, and the purchaser of the land discharged of the mortgage. *Semple* v. *Burd*, 7 S. & R. 290; *Freedly* v. *Hamilton*, 17 Id. 70; *Jaques* v. *Weeks*, 7 Watts, 270. But this must be predicated of a mortgage, which under the law as it stood before the Act of 1830, might have been discharged by a sheriff's sale under a prior judgment. Where the mortgage is of such a nature that it could, under no circumstances, come into competition with the judgment

for the proceeds, but must attach, if at all, upon the land in the hands of the purchaser, a different rule prevails. In the last case, the question is exclusively between the mortgagee and the purchaser, and notice to the purchaser supplies the place of recording. The paper book contains neither a copy of the deed from Ralph Bovier, to James Bovier, nor a full copy of the instrument called the mortgage. But from the extract given, it would seem to be something more than a mortgage. In addition to the provisions for the support of Ralph Bovier, and his wife, they have vested in them by the instrument, an estate for life in a part of the premises, with a right of possession. The provisions for their support are uncertain in amount and in duration, and not susceptible of calculation so as to be paid out of the proceeds. A sale under a junior judgment could not, even before 1830, have discharged such an interest. Nothing could extinguish it but a sale to a purchaser without notice. The purchaser had full notice in this case, and therefore took subject to it.

Taking for truth all the evidence in relation to the arrangement of 27th September, 1844, it did not extinguish the interest of the plaintiff below; the plaintiff in error has no cause to complain of what was said in the charge on that branch of the case.

Eulalia Smith had no interest in the case at the time she gave her evidence. The provision intended for her, was the voluntary act of her father. A recovery of the land by him would not give her a right of action. Besides the provision was only to continue while she remained single. She was married long before she was offered as a witness.

In this view of the case, the validity of the sheriff's sale is not material. But we are inclined to think that the purchaser is not affected by the irregularities complained of. All that was necessary to authorize a *ven. ex.* to sell the land in both counties, was that the inquisition required by the Act of 1840, be returned and approved of by the court. *Elliot* v. *M'Dowell*, 10 Harris, 201.

Judgment affirmed.