# Hetrick's Appeal.

58   477
179   289
58   477
193   612

1. When a man broken by years, standing alone without any to help, too enfeebled in mind and body to be watchful and penetrate the probabilities of his situation or the designs of others, makes a bargain with an unsuitable or insolvent man, and puts all into his hands to secure necessary support and assistance, a chancellor should take hold of the slightest circumstance to avoid his deed.

2. Where a very aged man in enfeebled health, &c., has made an unwise contract conveying away all his property to a poor man, in consideration of his support for life, on a bill by the grantor to rescind, it is the duty of the master to probe the matter well, and leave nothing without its effect which tends to undo the bargain.

May 12th 1868. Before THOMPSON, C. J., STRONG, AGNEW and SHARSWOOD, JJ. READ, J., absent.

Appeal from the decree of the Court of Common Pleas of *Franklin county*: In Equity: Of May Term 1868, No. 92.

This was a bill filed May 7th 1867, by Jacob Hetrick against George Smith and Elizabeth Smith his wife.

The bill set out that the plaintiff was in the eighty-sixth

year of his age, "infirm in body and feeble and weak in mind. His wife recently died, leaving him alone and helpless, in great distress, without proper friends or advisers;" he owned in fee a house and lot in Chambersburg, worth $600; the defendants, "taking advantage of his imbecility and distress of mind, and lonely and helpless condition, unduly by artifice and cunning and deceitful representations induced and procured" him to convey his house and lot to Elizabeth Smith by deed in fee simple, dated April 3d 1867.

Contemporaneously with this deed George Smith agreed in writing with the plaintiff that in consideration of the conveyance to the wife, the husband would board, lodge and clothe plaintiff as long as he should live (describing the part of the house he was to occupy); Smith "not to sell, trade or dispose of the property" as long as plaintiff should live.

The plaintiff has lived with the defendants since, but they "have violated their agreement, wholly refused to minister to his wants and comforts, and by reason of unkind treatment and neglect of proper attention have rendered the house intolerable to him, and compelled him to withdraw threfrom."

He prayed for a decree that the defendants deliver the deed to be cancelled: because of his mental incapacity, the fraud and artifice of defendants, want of consideration and mutuality, the defendants' agreement had been violated, and was incapable of enforcement, the husband not having sufficient means to answer plaintiff's claims.

The defendants answered, denying fraud or misrepresentation, averring that the deed was the plaintiff's voluntary act, and for a valuable consideration; and the plaintiff was of sound mind; he lived with them twenty-six days, and left without cause; he was notified that they were ready and willing to comply with their agreement, and now are ready and willing.

The bill and answer were referred to George Eyster, Esq.

The defendants admitted that the husband possessed no property, was a shoemaker by trade, and was working at his trade. There was no other evidence before the master. He reported that there was no evidence of want of capacity or of fraud, &c., or that the agreement had been violated; that the consideration, viz. support of the plaintiff, was a sufficient consideration; that there is no weight in the allegations of want of mutuality or the poverty of defendants. He recommended the dismissal of the bill, which, after exceptions to the report by the plaintiff, was decreed by Rowe, A. J.

The plaintiff appealed, and assigned this decree for error.

*J. McD. Sharpe* and *G. W. Brewer,* for appellant, cited Addison on Contracts 10, 14; Parsons on Contracts 428, 475; Shorb

*v.* Shultz, 7 Wright 208; Fisher *v.* Seltzer, 11 Harris 309; Fredericks's Appeal, 2 P. F. Smith 338; Perkins *v.* Gay, 3 S. & R. 327; Gross *v.* Leber, 11 Wright 526; Heacock *v.* Fly, 2 Harris 540; Kenton *v.* Vandergrift, 6 Wright 339.

*W. S. Stenger* and *F. M. Kimmel*, for appellees, cited Hind *v.* Holdship, 2 Watts 106; Harris *v.* Tyson, 12 Harris 347; Silvis *v.* Ely, 3 W. & S. 428; Perry *v.* Scott, 1 P. F. Smith 125; Fredericks's Appeal, *supra*.

The opinion of the court was delivered, May 20th 1868, by

AGNEW, J.—Perhaps there is no more pitiable object than a very old man, broken by the weight of years, crushed by his last and greatest sorrow, and standing alone in the world without a hand to help. Too enfeebled in mind and body to be watchful or to penetrate the probabilities of his situation and the designs of others, he is ready to cast himself into the arms of those who approach him with a view to benefit themselves by the property he has. When such a man makes a bargain with an unsuitable or an insolvent man, and puts all into his hands to secure that assistance and support he so much needs, I would as a chancellor take hold of the slightest circumstance to rescind and avoid his deed. But in this case every material averment in the bill is denied in the answer, and the findings of the master are against the plaintiff upon all the points except the poverty of George Smith. We have the case then of a man of competent understanding, uninfluenced by false and foolish confidence, and not entrapped by artifice or trick, conveying his property to the wife of a poor man, and taking his agreement providing for his own maintenance for life, and that the latter shall not sell or dispose of the property so long as the former shall live; an agreement remaining unbroken in all its parts, and sustained by an offer of continuing performance made in the answer. It does not seem possible to construct a sufficient ground of rescission out of these facts. Latent suspicions will arise that the master has been misled by a fair surface, and drawn his conclusions accordingly; and yet we are not in a position to know this, while the failure of the plaintiff to furnish evidence leaves the report untarnished by a breath. In such a case it is the duty of the master to probe the matter well, and leave nothing without its effect which tends to undo a bargain so wanting in wisdom as this. But we cannot help the misfortune, if the case has not had the advantage of evidence which might have been adduced to enable us to reach a conclusion favorable to the plaintiff's prayer.

Decree affirmed, with costs.