## Soper *et al. versus* Guernsey.

1. R. conveyed for $1 to J., and took from J. a mortgage for his support: under a judgment against J. the land was sold to H.—R. recovered against H. in ejectment on the mortgage. Under a sale on a judgment against H. his title became vested in G. In ejectment by G. against R.'s alienee, *Held*, that H. and G. were privies.

2. In ejectment by G. against R.'s alienee, the record of the ejectment, R. against H., was persuasive evidence.

3. Evidence by G. that J.'s title was in him made a primâ facie case, and the defendants having given the mortgage in evidence, the burden was on them to show a breach by J.

4. A condition in a conveyance may be enforced by ejectment, but a consideration, although a covenant, cannot.

[Soper et al. *v.* Guernsey.]

5. To such mortgages the principles as to an ordinary money mortgage do not apply.

6. The legal effect of the mortgage from J. to R. was to revest the estate in R., on J.'s failure to perform the condition of support.

7. A mortgagee cannot recover possession of the mortgaged premises before condition broken, where there is stipulation to the contrary, or where it appears to be the intention of the parties that the mortgagor should hold the possession until breach.

March 12th 1872. Before Thompson, C. J., Sharswood and Williams, JJ. Agnew, J., at Nisi Prius.

Error to the Court of Common Pleas of *Tioga county:* No. 66, to January Term 1872.

This was an action of ejectment brought, October 23d 1868, by John W. Guernsey against Collins W. Soper, William Soper and Wilmot Soper for a tract of 65 acres of land.

Both parties claimed under Ralph Bovier who owned the land on the 1st of December 1840, and on that day conveyed it to his son James Bovier in fee; the consideration mentioned in the deed was one dollar. On the same day James Bovier executed and delivered to Ralph Bovier a deed of the same premises in nature of a mortgage; it recited that James had agreed to provide for his father for life all necessary meat, clothing, " and generally all such attention and articles as may be necessary for his sustenance, convenience and comfort," &c.; also to keep a horse, &c., for him, and allow him to have part of the house, an acre of ground, &c., and to support Polly, the wife of the father during life, and Ulalia, his daughter, whilst she remained single. The consideration was as well " the aforesaid covenants, promises and agreements as for the further consideration of natural love and affection, and for the better securing the faithful performance of the said covenants, promises and agreements unto the said party of the second part, and to Polly and Ulalia Bovier."

The defeasance was: " Provided always, nevertheless, that if the said party of the first part shall and does well, truly and faithfully perform all and singular the aforesaid covenants, promises and agreements unto the said party of the second part, and unto the said Polly and Ulalia according to the true intent and meaning thereof, without fraud or delay, then this indenture and the estate hereby granted shall become void."

The wife of Ralph Bovier died shortly after the execution of these deeds. He died March 20th 1866.

The cause was tried, September 7th 1871, before Williams, J.

The plaintiff gave in evidence the deed from Ralph Bovier to James Bovier; also, sheriff's sale of the land under a judgment against James to Sidney L. Hibbard, and deed acknowledged September 22d 1847.

Plaintiff also gave in evidence a judgment recovered against Ralph Bovier, January 11th 1856, sheriff's sale under it of Ralph

[Soper *v.* Guernsey.]

Bovier's interest in the premises, and sheriff's deed, September 3d 1856, to Stephen F. Wilson; also, sheriff's sale of the premises under a judgment against Hibbard and deed to Wilson acknowledged September 17th 1858; also, deed dated January 22d 1868 from Wilson to the plaintiff.

The plaintiff rested.

The defendant gave in evidence the mortgage from James Bovier to Ralph Bovier.

The defendants offered the record of an action of ejectment for the premises in question, in which Ralph Bovier was plaintiff and Sidney L. Hibbard defendant, and recovery by Bovier, to be followed by evidence that the matter in controversy in that suit was the right of the plaintiff to recover under the deed which he had given to James Bovier, December 1st 1840, and the indenture of mortgage given by the said James Bovier to the said Ralph Bovier of the same date, and that under the recovery in this case the said Ralph Bovier took possession of the lands, and sold and conveyed it to A. Tozer and others, under whom the defendants claim.

The offer was rejected, and a bill of exceptions sealed.

They offered a deed for premises dated November 22d 1854, with general warranty from Ralph Bovier to Albert Tozer and John Bovier for the same premises, to be followed by evidence of a deed from said Tozer and Bovier to the defendants, for the purpose of showing a legal transfer of the mortgage of James Bovier to Ralph Bovier, and from him to the present defendants, who respectively took possession under the same. And also to be followed by evidence of the recovery of Ralph Bovier of the same land, in an action of ejectment against Sidney L. Hibbard, who held under the title of James Bovier. The offer of the record in this case is for the purpose of showing that Ralph Bovier was in possession, and entered under his rights as mortgagee.

The offer was rejected by the court, and a bill of exceptions sealed.

They offered to prove by Albert Tozer, that he and John Bovier had purchased by parol from Ralph Bovier the mortgage given by James. The plaintiff objected to the offer on the ground of Tozer's incompetency from interest. The offer was rejected, and a bill of exceptions sealed.

The defendants gave evidence that James had not supported his father in accordance with the covenants in the mortgage.

They requested the court to charge:—

1. That the plaintiff in this case has not shown such a title to the land in controversy as entitles him to recover.

2. That the plaintiff having derived his title from James Bovier, stands in no better situation. And the said James Bovier having conveyed his title by indenture of mortgage to Ralph Bovier, De-

[Soper *v.* Guernsey.]

cember 1st 1840 ; and there being no evidence that the said James Bovier has performed the covenants in said mortgage, or those who hold under him, cannot now recover the land in ejectment.

The court declined both points, and in answering the second point said :—

" The evidence shows the death of Ralph Bovier, for whose maintenance the mortgage was given, and no one defending is shown to be the holder of any right of action under it."

The verdict was for the plaintiff.

The defendants took out a writ of error, and assigned for error the rejection of the defendants' offers of evidence and the answers to their points.

*W. F. Elliott* and *H. W. Patrick* (with whom was *J. H. Bosard* and *H. Sherwood*), for plaintiffs in error.—James Bovier's estate was one upon condition : Hamilton *v.* Elliott, 5 S. & R. 375 ; Bear *v.* Whisler, 7 Watts 149 ; Chase *v.* Peck, 7 E. D. Smith 581 (21 N. Y.) Ejectment was the proper remedy for Ralph Bovier on failure of James to perform the conditions ; not being a money mortgage, scire facias would not be the proper remedy : Knaub *v.* Esseck, 2 Watts 280. A conveyance by a mortgagee passes all his interest : Connor *v.* Whitmore, 52 Maine 186 ; 2 Washburne on Real Prop. 112, 114 ; Welch *v.* Priest, 8 Allen 165 ; Cutter *v.* Davenport, 1 Pick. 81 ; Youngman *v.* Elmira Railroad, 15 P. F. Smith 285.

*C. H. Seymour* (with him *J. B. Niles*), for defendant in error.— The mortgage was not a deed upon condition : Bear *v.* Whisler, 7 Watts 149 ; Cook *v.* Trimble, 9 Id. 15 ; Paschall *v.* Passmore, 3 Harris 307 ; Hamilton *v.* Overseers, 2 Jones 147 ; Garver *v.* McNulty, 3 Wright 485 ; Perry *v.* Scott, 1 P. F. Smith 124.

A conveyance or assignment of the mortgage, without specifically assigning the debt or its equivalent, would be void. And any one holding such deed of assignment would be as against the mortgagor a trespasser : 2 Washburn on Real Property 114 ; Hill *v.* Edwards, 11 Min. 29 ; Merritt *v.* Barthole, 36 N. Y. 44 ; Craft *v.* Webster, 4 Rawle 242 to 259 ; Hodgdon *v.* Naglee, 5 W. & S. 217 ; 4 Kent's Com. 186.

The opinion of the court was delivered, May 13th 1872, by

SHARSWOOD, J.—The most important question arising on this record is that which is raised by the first assignment of error— the relevancy and effect of the former recovery in ejectment by Ralph Bovier against Sidney L. Hibbard. The plaintiff below claimed under Hibbard, and the defendants under Ralph Bovier, so that the parties to this suit stood beyond all question in the relation of privies to that action. The learned judge below sus-

[Soper *v.* Guernsey.]

tained the objection made by the plaintiff to the admission in evidence of the record, which was that it showed a recovery upon a mortgage, which only gave the plaintiff Ralph Bovier a right to recover and hold the land in question during his life or until the covenants in the mortgage were performed: and the mortgagee and wife having died before the commencement of this suit, such evidence is no defence in this case.

It is not an uncommon arrangement for a father to make a conveyance of his farm to one of his sons in consideration of being supported, nursed and attended during his life. The wisdom of such a contract is very questionable, even where the most entire confidence is felt at the time in the affection of the child. The Son of Sirach pronounces emphatically against it: "Give not thy son and wife, thy brother and friend, power over thee while thou livest, and give not thy goods to another: lest it repent thee, and thou entreat for the same again. As long as thou livest and hast breath in thee, give not thyself over to any. For better it is that thy children should seek to thee than that thou shouldst stand to their courtesy. In all thy works keep to thyself the pre-eminence: leave not a stain in thine honor. At the time when thou shalt end thy days and finish thy life, distribute thine inheritance." Ecclesiasticus, xxxiii. 19–23. The most striking illustration of the same thing is in the pathetic tragedy of Lear, where the fool confirms the opinion of the wise man of the Apocrypha: "Would I had two coxcombs and two daughters. If I gave them all my living, I'd keep my coxcombs myself." One of the evil consequences which seems almost invariably to attach itself to such arrangements is the distressing family discord and lawsuits which spring from them. Many of them have been brought to this court. It is not always easy to administer justice in such cases in conformity to law. The natural feeling of right prompts to the rule which would hold the child to the strict performance of his part of the contract, and give to the parent the right to recall the gift if he fails. Yet it is not always possible to apply such a rule. The deed may want the essential words to make a condition. A condition in a conveyance may be enforced by ejectment, but a consideration, even amounting to a covenant on the part of the vendor, cannot: Cook *v.* Trimble, 9 Watts 15 ; Garver *v.* McNulty, 3 Wright 473 ; Perry *v.* Scott, 1 P. F. Smith 119.

Ralph Bovier and wife, by deed dated December 1st 1840, for the nominal consideration of one dollar conveyed to their son James Bovier the premises in question. On the same day James Bovier by a deed reciting at large the covenants he had entered into for the support of his father and mother during their lives, and that these covenants were entered into for and in consideration of the conveyance of the land—for the better securing the faithful performance of the said covenants—reconveyed the pre-

21 P. F. SMITH—15

[Soper *v.* Guernsey.]

mises to Ralph Bovier in fee. "Provided always nevertheless that if the said party of the first part shall and does well, truly and faithfully perform all and singular the aforesaid covenants, promises and agreements unto the said party of the second part and unto the said Polly and Ulalia according to the true intent and meaning thereof without fraud or delay, then this indenture and the estate hereby granted shall become void and of none effect any thing hereinbefore contained to the contrary notwithstanding."

This reconveyance has been termed a mortgage, but as Chief Justice Lewis remarked in Hibberd *v.* Bovier, 1 Grant 266, when it was before this court on a former occasion, "it is something more than a mortgage." It will not do to apply to it the principles which are in force as to an ordinary mortgage for the payment of money. There when the object of the security is accomplished it is at an end. It never could have been the intention of the parties to these instruments that if James failed to perform his covenants which were the sole consideration of the grant to him, and the old man in consequence of his breach, by legal proceedings or otherwise, retook possession, that after his death, the title should revest in James. That would be no security that James would perform his covenants, but an inducement to him to break them. It would enable him to throw off all the trouble and responsibility of his contract, and after the lapse of the few years that remained of the lives of his father and mother, get the farm literally for nothing. Nothing could have been an effectual security for the faithful performance of the covenants but the right of Ralph Bovier to revest the entire estate in him upon breach. This was evidently the intention of the parties, and it was the legal effect of the words of the instrument. In the case of an ordinary mortgage, a chancellor interferes and says that when the debt is paid or the object of the security accomplished, the mortgagee shall reconvey to the mortgagor. Equity between the parties requires this. But James Bovier, if he has broken his covenants to support his father during life, has no possible equity on his death to demand a reconveyance to him. It is true that it is settled that a mortgagee may maintain ejectment and recover possession of the mortgaged property before the condition is broken, but that is only when there is no stipulation to the contrary, or it does not appear otherwise to have been the intention of the parties that the mortgagor should hold possession until breach: Youngman *v.* Elmira Railroad Co., 15 P. F. Smith 285. In this case it was essential to the very purpose of the instrument that the mortgagor should retain the possession. He could not otherwise have fulfilled his covenants. Ralph Bovier could not have recovered in the former action of ejectment without a breach on the part of James, and such a recovery after breach as effectually revested the title in him as would a re-entry for condition broken. Admitting the recovery to have been on a legal

[Soper v. Guernsey.]

and not an equitable title, and therefore not conclusive, the record was nevertheless admissible as persuasive evidence to the jury, as has been often decided: Shaeffer v. Kreitzer, 6 Binn. 430; Koons v. Hartman, 7 Watts 20; Levers v. Van Buskirk, 4 Barr 309; Beck's Ex'rs. v. Graybill, 4 Casey 66. This course of reasoning shows that the first and second assignments of error must be sustained.

The plaintiff below gave in evidence the deed Ralph Bovier and wife to James Bovier, title being admitted in Ralph Bovier, and then deduced title to himself from James Bovier. This was a good primâ facie title, and the learned judge was right in refusing to charge the jury as requested in the defendants' first point, as complained of in the third assignment. The defendants then gave in evidence as the foundation of their title the deed James Bovier to Ralph Bovier, and of course to make out their defence the *onus* was on them to show a breach of the covenants by James. There was no error in refusing to charge, therefore, as requested in the defendants' second point, though the reason given by the learned judge was not the right one.

It is not necessary to decide the question of the competency of the witness Albert Tozer which is raised by the fifth error assigned; because the evidence offered to be given by him that John Bovier and himself purchased the mortgage of Ralph Bovier by parol and that they transferred their right and title to said mortgage to defendants, was immaterial and irrelevant. We have seen that if the covenants of James Bovier were broken, the recovery of Ralph Bovier, like a re-entry for condition broken, was of the absolute fee, and his conveyance in evidence November 22d 1854 passed his title to Albert Tozer and John Bovier, and their title was deduced by deed to two of the defendants. It was entirely unnecessary to resort to evidence of a parol sale of the mortgage as a mere personal security. All the title of Ralph Bovier, whatever it was, had passed by his deed.

Judgment reversed, and *venire facias de novo* awarded.