# Weller, Appellant, *v.* Potts.

*Vendor and vendee—Parol sale—Possession—Performance—Statute of frauds.*

To take a parol sale of land out of the operation of the statute of frauds, it is essential that possession should be taken in pursuance of the contract at or immediately after it was made, that the change in possession be continuous, exclusive and maintained, and that there should have been such performance of the contract by the vendee as would make rescission inequitable.

Argued Oct. 19, 1910.    Appeal, No. 46, Oct. T., 1910,

by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1906, No. 175, on verdict for defendant in case of William Weller v. John Potts. Before FELL, C. J., MESTREZAT, POTTER, ELKIN, STEWART and MOSCH-ZISKER, JJ. Affirmed.

Issue under rule to bring ejectment. Before KEN-NEDY, P. J.

The opinion of the Supreme Court states the case.

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* (1–3) are fully stated in the opinion of the Supreme Court.

*Horace J. Thomas* and *John A. Metz*, with them *Samuel M. Meals* and *Walter G. Crawford*, for appellant.

*Nelson McVicar*, for appellee.

PER CURIAM, January 3, 1911:

The title to the land in question has been in dispute for over twenty years. In 1889 it was decided by this court that the deed of John Dibel to his sons, William J. and David M. Dibel, under which the plaintiff in this action claims, did not include after acquired property and that no title to the land passed to them by the conveyance: Uhlinger v. Kennedy, 1 Monaghan, 56. In 1897 the plaintiff brought ejectment and at the trial took a voluntary nonsuit because of the failure of his proofs. In 1906, the defendant in this action who was in possession, instituted proceedings under the act of 1903, and an issue was framed to determine the rights of the parties.

In his abstract of title the plaintiff averred a parol sale by H. M. Brackenridge to John Dibel in 1857, an assignment by John Dibel to his two sons in September, 1859, and conveyances from them. Also possession by

John Dibel in September, 1859, when he conveyed to his sons and a conveyance by deed by Brackenridge to him, in September, 1861. It was essential to the plaintiff's case that he should show title in John Dibel in September, 1859. He attempted to do this by offers of proof of payment on account and possession taken in pursuance of the purchase, which were objected to because such proof was not in support of any averment in the pleadings. He then sought to amend his abstract of title by adding thereto "that in pursuance of said purchase John Dibel took possession of the lots and continued in possession thereof until the assignment to Wm. J. Dibel and David M. Dibel." The overruling of the offers of testimony and the refusal to allow an amendment are the subjects of the assignments of error.

The testimony was inadmissible under the pleadings and if the amendment had been allowed no proof admissible under it would have made out a case for the plaintiff. To take a parol sale of land out of the operation of the statute of frauds, it is essential that possession should be taken in pursuance of the contract at or immediately after it was made, that the change in possession be continuous, exclusive and maintained, and that there should have been such performance of the contract by the vendee as would make rescission inequitable: Wright v. Nulton, 219 Pa. 253. Since the allowance of the amendment would have been of no avail to the plaintiff, it is unnecessary to consider the assignments further.

The judgment is affirmed.