Steininger *v.* Spaid et al., Appellants.

Argued April 15, 1930.   Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

*Charles M. Clement,* with him *Jay G. Weiser,* for appellant.—We feel strongly that the charge of the court that the parol agreement was merged into a written agreement of a four-year later date was injustice to the

defendants: Lee v. Lee, 9 Pa. 169; Christy v. Barnhart, 14 Pa. 260.

In actions of ejectment, to which the general issue is pleaded, it must appear that defendants dispossessed plaintiff: Lykens v. Wheelan, 15 Pa. 483; Rochester Boro. v. Kennedy, 229 Pa. 251; Kribbs v. Downing, 25 Pa. 399; Moyer v. Moyer, 13 Pa. Dist. Rep. 739; Hunter v. Bornright, 17 Pa. Dist. R. 188; Corley v. Pentz, 76 Pa. 57.

The undisputed testimony in this case is that the defendants entered into possession jointly with the plaintiff under an oral contract: Hyde-Murphy Co. v. Boyer, 229 Pa. 7.

Defendants were required to show complete performance: Cook v. Trimble, 9 Watts 15; Perry v. Scott, 51 Pa. 119; Soper v. Guernsey, 71 Pa. 219; First M. E. Church v. Old Pub. Ground, 103 Pa. 608; Sapper v. Mathers, 286 Pa. 364.

*Wm. H. Hackenberg,* with him *Fred. V. Follmer,* for appellee.—This case is a concrete example of the importance of the rule that the oral contract is merged in the written agreement: Wright v. Carbonic Co., 271 Pa. 332; Rearick v. Rearick, 15 Pa. 72; Lowry v. Roy, 238 Pa. 9; Harbold v. Kuster, 44 Pa. 392.

Where defendant seeks to take the case out of the statute of frauds by showing improvements made by him, he must show that the improvements were permanent and of a nature which would add value to the land, that they could not be compensated for in damages, and that they were of a kind for which an occupant could not be reimbursed through profits derived from the land: Rader v. Keiper, 285 Pa. 579.

The rules and principle of law governing the rights of joint tenants and tenants in common or of ouster of one tenant in common by his cotenant are wholly foreign to and have no application to the questions involved in this appeal, and are not in issue under the pleadings: Dreis-

bach v. Serfass, 126 Pa. 32; Kelley v. Kelley, 182 Pa. 131; Bear v. Whisler, 7 Watts 144; Fritz v. Menges, 179 Pa. 122.

When a man, broken by years, standing alone without any to help, too enfeebled in mind and body to be watchful and penetrate the probabilities of his situation or the designs of others, makes a bargain with an unsuitable or insolvent man, and puts all into his hands to secure necessary support and assistance, a chancellor should take hold of the slightest circumstances to avoid his deed: Hetrick's App., 58 Pa. 477; Potter's Est., 6 Pa. Superior Ct. 627; Leedom v. Palmer, 274 Pa. 22.

OPINION BY MR. JUSTICE WALLING, May 12, 1930:

The subject of this action of ejectment is the residence of the plaintiff, John M. Steininger, at Middleburg, Snyder County. The defendant, George Spaid, was a brother of Mrs. Steininger and with his wife and two children became members of the Steininger home in 1922. The plaintiff was then about sixty-five years of age and in poor health, having suffered a paralytic stroke and was also gradually losing his eyesight, which later entirely failed. The main object of the two families occupying the same home was that the Spaids might help care for Steininger and be suitably compensated therefor. To effectuate this purpose, in January, 1926, Mr. Spaid, with his wife and two children, as parties of the first part, executed a written agreement with Mr. Steininger, as party of the second part, providing, inter alia, that: "Said first parties agree that they will nurse, treat kindly and care for the said John M. Steininger and his wife, Mollie Steininger, in the home now occupied by first and second parties in Middleburg, Pa., during the lifetime of the said John M. Steininger: and the said John M. Steininger agrees in full payment of all past and future services by first parties to second party, and wife, that he, the said John M. Steininger, will deliver to the said Geo. Spaid, on the execution of this contract, a note in the sum of $6,000, payable on the

death of the said John M. Steininger, without interest, and the said John M. Steininger further agrees that on his death, a deed for his home in Middleburg, Pa., now occupied by first and second parties, shall be immediately executed and delivered to said Geo. Spaid, or the survivors of the first parties hereto." And further, in substance, that plaintiff and his wife should continue to have the same rights in the home during Steininger's life as they theretofore had during the joint occupancy; each party to pay one-half for the food and fuel, with other minor provisions, and further stipulating that the title to the home when delivered should be in full satisfaction for all services rendered by first parties and that the $6,000 note was taken only as security that the title to the home would be conveyed according to the agreement. What other property, if any, Steininger had at this time does not appear, and while George Spaid had some property he was badly in debt and Steininger was endorser for him at the bank on a note for $3,590. Plaintiff's wife was four years his junior but the contract contained no provision for her support or care after his death. Following the date of the agreement, plaintiff suffered a broken hip, which confined him in bed for six weeks, during which his wife had the burden of his care. Late in 1926, Mr. and Mrs. Steininger left their home, and he brought this suit to recover possession thereof from the Spaids, on the contention that defendants had violated the agreement by neglecting him and especially by neglecting and mistreating his wife. The jury found for plaintiff and from judgment entered thereon the defendants have appealed.

The record discloses nothing calling for a reversal. Appellants' main contention is that plaintiff and the defendants were tenants in common and, hence, ejectment would not lie without proof of an actual ouster. This is true as a general proposition, but inapplicable here as the parties never sustained the relation of tenants in common, which rests on an undivided interest in the

common property, not from the mere fact that both occupied it. Defendants had no such interest in the property as to be tenants in common with its owner, who might maintain ejectment against them on their breach of the agreement. It must be kept in mind that plaintiff held the title to the entire property and not to an undivided part of it. Under the agreement, plaintiff continued the sole owner of the property until his death. Meantime, defendants had no title thereto but a mere right of occupancy, that they might perform their duties under the agreement. When they breached it their right of possession was at an end.

If, as the jury found upon sufficient evidence, by failing to treat kindly and care for the plaintiff and his wife the defendants breached the contract, they forfeited the right to occupy any portion of the premises. See Soper v. Guernsey, 71 Pa. 219, 223; Bear v. Whistler, 7 Watts 144. Defendants' rights were equitable and they must first do equity by a full performance or readiness to perform on their part: Dreisbach v. Serfass, 126 Pa. 32, 41. While the evidence was conflicting, it fully supported the conclusion that the defendants ill treated Mrs. Steininger, which was as much a breach of the contract as if done to him or to both. The trial judge fairly instructed the jury on the question of the defendants' breach of the contract with direction to find for them if they had not done so; this fully protected their rights.

The contract, like others of its class, should not be encouraged, for such often result in trouble, litigation and disappointment to the parties. See Soper v. Guernsey, supra; Hetrick's App., 58 Pa. 477; Potter's Est., 6 Pa. Superior Ct. 627. While the contract in suit carefully provided security for its performance by plaintiff, and obligated him to furnish one-half of the table expenses for the entire six people, it made no provision for Mrs. Steininger after the death of her invalid husband, and required no security from the defendants for per-

formance on their part; hence, plaintiff's proper redress was an action of ejectment.

As the parties had put their final agreement in writing and there being no allegation of fraud, accident or mistake, the trial judge properly excluded the evidence as to alleged prior oral negotiations: Bank of Hooversville v. Sagerson et al., 283 Pa. 406; Gianni v. Russel & Co., Inc., 281 Pa. 320; Wright v. General Carbonic Co., 271 Pa. 332; Wodock v. Robinson, 148 Pa. 503; Harbold v. Kuster, 44 Pa. 392. Furthermore, the allegations as to a prior oral agreement were not sufficient, if proven, to take the case out of the statute of frauds. There is no averment of an exclusive possession of the property by defendants pursuant to the alleged oral contract (Rader v. Keiper, 285 Pa. 579; Wright v. Nulton, 219 Pa. 253), or of the making of such improvements thereunder as could not be compensated in damages: Rader v. Keiper, supra; Weller v. Potts, 230 Pa. 6. So defendants' claim under an alleged prior parol contract necessarily failed.

There was no claim for mesne profits and the jury did not pass upon that question. The remark of the trial judge that defendants had occupied the residence rent free, which might compensate for the repairs made by them, was not reversible error. At most it was harmless for it had no bearing on the controlling question as to defendants' violation of the contract. Some other alleged errors, not of vital importance, are called to our attention, but as they are not suggested by the statement of questions involved they will not be considered.

The judgment is affirmed.